IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAIMONDA BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CHIPOTLE MEXICAN GRILL ) | |
| OF COLORADO, LLC, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Chipotle Mexican Grill of Colorado, LLC ("Chipotle"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes the above-captioned case, which was filed in the Circuit Court of St. Louis County, Missouri, Case No. 18SL-CC04581, to the United States District Court for the Eastern District of Missouri, Eastern Division.  This case is being removed to this Court because, based on the allegations asserted in the Petition, there is complete diversity of citizenship between the parties and more than $75,000 is in controversy.  As grounds for removal, Chipotle respectfully states as follows:

## PROCEDURAL HISTORY

1. On December 4, 2018, Plaintiff Taimonda Blair ("Plaintiff") commenced this civil action in the Circuit Court of St. Louis County, Missouri, styled *Taimonda Blair v. Chipotle Mexican Grill of Colorado, LLC*, Case No. 18SL-CC04581, alleging that on August 12, 2016, she slipped on accumulated water and fell when entering a restaurant owned, operated, managed, and/or controlled by Chipotle, thereby suffering injuries to her right shoulder and right knee

(requiring surgical intervention and future medical treatment) and limiting her ability to work and enjoy life.

2.  Chipotle was served with the Summons and Petition on December 27, 2018.

3.  Removal is timely under 28 U.S.C. § 1446(b).  Chipotle has filed this Notice of Removal within thirty (30) days of when the Summons and Petition were served.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

4.  Removal to this Court is proper because the Eastern District of Missouri, Eastern Division is the district embracing the place (St. Louis County, Missouri) where the action was filed.  *See* 28 U.S.C. § 1441(a).

5.  As required by 28 U.S.C. § 1446(a), Chipotle has attached to this Notice, as <u>Exhibit 1</u> hereto, "a copy of all process, pleadings, and orders served upon" it, which comprise the complete state court file.

6.  As discussed above and as set forth more fully below, this Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1446(b) because (1) there is complete diversity of citizenship between the named plaintiffs and the named defendant, (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, (3) Chipotle has satisfied all necessary procedural requirements, and (4) removal of this action is not prohibited by 28 U.S.C. § 1445.

## **BASIS FOR REMOVAL**

7.  Title 28 U.S.C. § 1441(a) controls the circumstances in which a party may remove a state civil action to a United States District Court, and provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. Pursuant to 28 U.S.C. § 1332(a), United States District Courts maintain original jurisdiction of all civil actions between citizens of different States where the matter in controversy exceeds the sum of $75,000.

**A.      Diversity of Citizenship is Satisfied.**

9. As alleged in the Petition, Plaintiff is a resident and citizen of the State of Missouri. (*See* Petition, Ex. 1, ¶ 1.)

10. For purposes of diversity jurisdiction, a limited liability company ("LLC") is treated as a partnership, and citizenship depends on the citizenship of the LLC's members. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

11. Chipotle Mexican Grill of Colorado, LLC is a limited liability company, and its sole member is Chipotle Mexican Grill, Inc. (Declaration of Patti Mann ("Mann Decl."), attached hereto as Exhibit 2, ¶¶ 3-4.)

12. For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S.Ct. 1181, 1192-93 (2010). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Id.*

13. Chipotle Mexican Grill, Inc. is a corporation established under the laws of Delaware, with its headquarters and principal place of business in California. (Mann Decl., ¶¶ 5-6.)

14. Therefore, no defendant is a citizen of Missouri. *See Hertz*, 559 U.S. at 93 (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

15. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c).

**B.     The Amount in Controversy Requirement is Satisfied.**

16. In her Petition, Plaintiff alleges that as a result of Chipotle's purported carelessness and negligence relating to the accumulation of water inside the restaurant and her resulting slip-and-fall, she "sustained injuries to her body including but not limited to her right shoulder and right knee requiring surgical intervention." (Petition, Ex. 1, ¶ 10.) Plaintiff also alleges that, as a result, she "required medical treatment and will require treatment in the future" and that her "ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage." (*Id.*) Plaintiff further alleges that she has "incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future." (*Id.*, ¶ 11.)

17. To this end, Plaintiff has separately represented incurring over $100,000 in medical expenses and over $7,000 in lost wages relating to the alleged slip-and-fall, which expenses and lost wages she seeks to recover as damages in this lawsuit. (*See id.*, ¶¶ 10-11.)

18. Based on the foregoing alleged damages, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). *See, e.g., Downard v. Dollar Tree Stores, Inc.*, No. 4:15-CV-1365 CAS, 2015 WL 7428542, at *4 (E.D. Mo. Nov. 23, 2015) (concluding that amount in controversy was satisfied "based on the nature and extent of the injuries alleged in plaintiff's Petition, the medical expenses incurred so far of almost $40,000 with additional expenses expected, and lost wages of $2,500 with additional lost wages expected"); *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10CV36 CDP, 2010 WL 4177655,

4

at *2 (E.D. Mo. Oct. 20, 2010) (holding that amount in controversy was satisfied where plaintiff alleged "serious injuries and extensive damages," such as "a fractured vertebrae in her spine along with multiple herniated/bulging disks" and also had sent a demand letter for $200,000); *Ward v. Sailormen, Inc.*, No. 4:06CV1814 JCH, 2007 WL 1040934, at *2 (E.D. Mo. Apr. 3, 2007) (denying motion to remand where plaintiff alleged she "suffered serious and permanent injuries"; "had to expend money for necessary medical care, services, and treatment in excess of $20,300.00, and [would] be required to do the same in the future"; and had "made a demand for settlement in the amount of $100,000.00").

19. Removal is therefore appropriate in this case.

### FILING OF REMOVAL PAPERS

20. Upon filing this Notice of Removal, Chipotle will file a Notice of Filing Notice of Removal (attaching a copy of this Notice of Removal) with the Circuit Court of St. Louis County, Missouri. A copy of said Notice to the Clerk will be electronically filed.

21. Likewise, on this date, Chipotle will serve via mail and e-mail a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Eastern District of Missouri, Eastern Division, was filed, and serving a copy of this Notice of Removal upon Plaintiff. A copy of said Notice to Plaintiff will be electronically filed.

22. The original filing form and civil cover sheet are attached hereto as <u>Exhibit 3</u> and <u>Exhibit 4</u>, respectively.

23. Under the provisions of 28 U.S.C. § 1441 and all applicable statutes, all of which Chipotle has complied with, this case is removed to the United States District Court for the Eastern District of Missouri, Eastern Division.

## **CONCLUSION**

For the foregoing reasons, Defendant Chipotle Mexican Grill of Colorado, LLC removes this action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division; respectfully requests that no further proceedings be had in the Circuit Court of St. Louis County, Missouri, Case No. 18SL-CC04581; and prays for such other and further relief as the Court deems just and proper.

          Respectfully submitted,

**LEWIS RICE LLC**

DATED: January 25, 2019      By:    /s/ Michael L. Jente
          Corey M. Schaecher, #61255MO
          Michael L. Jente, #62980MO
          600 Washington Avenue, Suite 2500
          St. Louis, Missouri 63101
          Telephone:  (314) 444-7683
          Facsimile:  (314) 612-7683
          cschaecher@lewisrice.com
          mjente@lewisrice.com

*Attorneys for Defendant*
*Chipotle Mexican Grill of Colorado, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of January 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Further, I certify that a true and accurate copy of the foregoing was also e-mailed and deposited with the United States Postal Service on this 25th day of January 2019 from 600 Washington Avenue, Suite 2500, St. Louis, Missouri, with first-class postage prepaid, and properly addressed for delivery, to:

Christopher A. Allen
GOLDBLATT & SINGER
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
callen@stlinjurylaw.com

                                                                    /s/ Michael L. Jente