IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| TAIMONDA BLAIR | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| CHIPOTLE MEXICAN GRILL OF COLORADO, LLC., | ) | |
| | ) | |
| **Serve:** | ) | |
| **Agent for Service** | ) | |
| **Cogency Global Inc.** | ) | |
| **9666 Olive Blvd.. Ste. 690** | ) | |
| **St. Louis, MO  63132** | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW, Plaintiff Taimonda Blair, by and through undersigned counsel and for her Petition for damages against Defendant Chipotle Mexican Grill of Colorado, LLC, and states as follows:

1. Plaintiff Taimonda Blair is a resident of the state of Missouri.

2. Defendant Chipotle Mexican Grill of Colorado, LLC , hereinafter "Chipotle," is a limited liability company in good standing with a registered agent for receipt of service of process at 9666 Olive Blvd., Ste. 690, St. Louis County, State of Missouri.

3. At all relevant times, Chipotle owned, operated, managed, maintained and/or controlled the premises located at 11485 Olive Blvd., St. Louis County, State of Missouri.

1

Exhibit 1

4. On or about August 12, 2016, Plaintiff was an invitee on the premises located at 11485 Olive Blvd., St. Louis County, State of Missouri.

5. On or about August 12, 2016, there was an accumulation of water at or near the entrance/exit of the premises owned, operated, managed and/or controlled by Defendant Chipotle located at 11485 Olive Blvd., St. Louis County, State of Missouri and as a result the area was not reasonably safe.

6. On August 12, 2016, Plaintiff was entering the premises located at 11485 Olive Blvd., St. Louis County, State of Missouri, when she slipped on the aforementioned accumulated water, causing her to fall and sustain injuries as set out more fully below.

7. On August 12, 2016, Defendant Chipotle, by and through its agents, servants and/or employees, had a duty to its invitees to maintain the aforementioned premises, including said entrances and exits, in a reasonably safe condition.

8. Defendant Chipotle by and through its agents, servants and/or employees knew, or by using ordinary care, could have known, that the entrance /exit of its restaurant was unreasonably dangerous due to the accumulation of water and was careless and negligent in one or more of the following ways:

    a. Defendant Chipotle failed to properly remove the water in the entrance/exit of its restaurant;

    b. Defendant Chipotle failed to warn of the water near the entrance/exit of its restaurant;

    c. Defendant Chipotle failed to properly maintain the entrance/exit of its restaurant;

    d. Defendant Chipotle failed to barricade its premises;

    e. Defendant Chipotle allowed the aforementioned premises to remain in a dangerously slippery condition, making the entrance and exits unfit for

      passage, for an unreasonable length of time;

    f. Defendant Chipotle caused and/or created the unnatural accumulation of water to develop so that the entrance and exits became slippery and/or unsafe;

    g. Defendant Chipotle failed to properly clean its entrance pursuant to the custom and practice in the industry;

    h. Defendant Chipotle was otherwise careless and negligent in the maintenance of the entrance/exit of its restaurant.

9. As a direct and proximate result of Defendant's carelessness and negligence as detailed above, the above-referenced entrance/exit of Defendant's restaurant was not reasonably safe.

10. As a direct and proximate result of Defendant's carelessness and negligence, Plaintiff was injured and damaged; Plaintiff slipped, fell and sustained injuries to her body including but not limited to her right shoulder and right knee requiring surgical intervention; Plaintiff required medical treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

11. As a direct and proximate result of Defendant Chipotle's carelessness and negligence as aforesaid, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

WHEREFORE, Plaintiff Taimonda Blair prays this Court enter judgment against Defendant Chipotle in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), and for such other and further relief as this Court deems just and proper under the circumstances.

Electronically Filed - St Louis County - December 04, 2018 - 03:16 PM

**GOLDBLATT + SINGER**

/s/ Christopher A. Allen
Christopher A. Allen #45868
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
(314) 231-4100 Telephone
(314) 241-5078 Facsimile
callen@stlinjurylaw.com
Attorneys for Plaintiff

4



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:** JOSEPH L. WALSH III | **Case Number:** 18SL-CC04581 |
| **Plaintiff/Petitioner:** TAIMONDA BLAIR | **Plaintiff's/Petitioner's Attorney/Address** CHRISTOPHER ANDREW ALLEN SUITE 801 8182 MARYLAND AVENUE CLAYTON, MO  63105 |
| vs. | |
| **Defendant/Respondent:** CHIPOTLE MEXICAN GRILL OF COLORADO LLC | **Court Address:** ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO  63105 |
| **Nature of Suit:** CC Pers Injury-Other | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** CHIPOTLE MEXICAN GRILL OF COLORADO LLC
  **Alias:**

9666 OLIVE BLVD  STE 690
ST LOUIS, MO  63132

**SERVE:**
AGENT FOR SERVICE
COGENCY GLOBAL INC

*COURT SEAL OF*



*ST. LOUIS COUNTY*

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**05-DEC-2018**
  Date

_____
                                              Clerk

**Further Information:**
ALD

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
  Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                                                     Date                                        Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 18-SMCC-10253**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 18-SMCC-10253**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

12/14-18  Return SPS 1/4



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: JOSEPH L. WALSH III | Case Number: 18SL-CC04581 | **FILED** JAN 07 2019 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY |
|---|---|---|
| Plaintiff/Petitioner: TAIMONDA BLAIR | Plaintiff's/Petitioner's Attorney/Address CHRISTOPHER ANDREW ALLEN SUITE 801 8182 MARYLAND AVENUE CLAYTON, MO 63105 | |
| vs. | | **SHERIFF FEE PAID** |
| Defendant/Respondent: CHIPOTLE MEXICAN GRILL OF COLORADO LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | |
| Nature of Suit: CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CHIPOTLE MEXICAN GRILL OF COLORADO LLC
Alias:
9666 OLIVE BLVD STE 690
ST LOUIS, MO 63132
13 20TTV

SERVE:
AGENT FOR SERVICE
COGENCY GLOBAL INC

DEC 11 2018

*COURT SEAL OF ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

05-DEC-2018
Date

_____
Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____Molly_____ (name) __EX. ASST__ (title).
☐ other _____
Served at __9666 Olive__ (address)
in __St. Louis__ (County/City of St. Louis), MO, on __12/07/18__ (date) at __102t__ (time).

__Vic Zotm__
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
                          Date          Notary Public

GTP
12/13/18